**James Jonas HUGHES**

v.

**Lawrence V. ROTH, Jr., Warden Montgomery County Prison.**

**Civ. A. No. 73–1904.**

United States District Court,
E. D. Pennsylvania.

Feb. 21, 1974.

Martin Vinikoor, Alan Honorof, Legal Intern, Philadelphia, Pa., for plaintiff.

John A. Lord, Norristown, Pa., for defendant.

## MEMORANDUM AND ORDER

FOGEL, District Judge.

On October 9, 1973, plaintiff James Jonas Hughes brought this civil rights action, invoking the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1343, 2201, 2202 and 42 U.S.C. §§ 1982, 1983 and 1988.

Plaintiff alleges the following material facts as the basis for his claims:

(1) defendant failed to furnish plaintiff with many of the necessities for maintaining personal hygiene;

(2) plaintiff was placed in solitary confinement in violation of his rights under the Eighth Amendment to the United States Constitution;

(3) plaintiff was placed in solitary confinement from July 23 to July 30, 1973, without access to physical exercise and without medical attention; and

(4) the defendant did not provide adequate psychiatric treatment for plaintiff, who was allegedly suffering from an acute psychosis.

Plaintiff, on behalf of himself and others similarly situated, also asks this Court to enjoin the defendant and his successors from depriving him and members of his class of clean mattresses and beds, complete sets of bedding and clothing and other personal necessities. In addition, plaintiff asks that an order be entered granting the prisoners the right to two hours of physical exercise daily. Denying that the plaintiff's civil rights have been abridged and asserting that this Court therefore lacks subject matter and personal jurisdiction, defendant has moved this Court to dismiss the complaint for failure to state a claim upon which relief can be granted.

"[A] motion to dismiss a complaint, including . . . a civil rights complaint, for failure to state a claim upon which relief can be granted is subject to a very strict standard." Gray v. Creamer, 465 F.2d 179, 181 (3d Cir. 1972). *A pro se* complaint is not held to stringent standards of formal pleadings, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 335 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also* J. Moore, 2A Moore's Federal Practice, ¶ 12.08 at 2265–86 (1972). Plaintiff's allegations are sufficiently specific to withstand a motion to dismiss; *see* Gray v. Creamer, *supra,* 465 F.2d at 182, n. 2; and we cannot say as a matter of law at this juncture that plaintiff cannot possibly adduce any facts which would create a valid cause of action under 42 U.S.C. § 1983. *See* Braxton v. Carlson, 483 F.2d 933 (3d Cir. 1973); United States ex rel. Tyrrell v. Speaker, 471 F.2d 1197 (3d Cir. 1973); Gray v. Creamer, *supra;* Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758, reh. den. 371 U.S. 905, 83 S.Ct. 202, 9 L.Ed.2d 166; Trop v. Dulles, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958); Sostre v. McGinnis, 442 F.2d 178 (2d Cir. 1971); Gittlemacher v. Prasse, 428 F.2d 1 (3d Cir. 1970); United States ex rel. Bracey v. Rundle, 368 F.Supp. 1186 (E.D.Pa., filed Nov. 29, 1973); *see also* C. J. Antieau, Federal Civil Rights Acts § 63 (1971, 1973 suppl.).

If, at a later stage in the proceedings, after defendant has filed an answer and the parties have availed themselves of the discovery machinery afforded them under the Federal Rules of Civil Procedure, it appears that there is no genuine issue as to any material fact, defendant may move for summary judgment under Rule 56, Federal Rules of Civil Procedure. Defendant's motion to dismiss is therefore denied.